**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLENNA KIDD,
<u>Plaintiff-Appellant,</u>

v.                                                                                    No. 96-2586

DALKON SHIELD CLAIMANTS TRUST,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-96-642)

Submitted: December 9, 1997

Decided: March 23, 1998

Before RUSSELL,* WIDENER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Glenna Kidd, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

*This case was submitted for decision to a panel of Judges Russell,
Widener and Hamilton. Judge Russell, however, died prior to the time
the decision was filed. The decision is filed by a quorum of the panel.
28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glenna Kidd, a disappointed Dalkon Shield Claimant, appeals the district court's orders (1) dismissing her civil action against the Dalkon Shield Claimants Trust (Trust) and imposing sanctions; and (2) finding her in contempt in the related bankruptcy action. Finding no error, we affirm.

I

The Trust disallowed Kidd's Dalkon Shield Claim because certain documents offered in support of the claim appeared to have been altered. Kidd moved for reinstatement of her claim, and the district court held a hearing on her motion. At the close of the hearing, the district court determined that Kidd bore the burden of showing by a preponderance of the evidence that it was more likely than not that her claim was genuine. The court found that Kidd had not met her burden and declined to reinstate her Dalkon Shield Claim. On appeal, we determined that the district court did not abuse its discretion and affirmed. See Kidd v. Dalkon Shield Claimants Trust (In re: A.H. Robins Co., Inc.), No. 94-2639 (4th Cir. May 28, 1996) (unpublished).

Kidd then filed suit in the Circuit Court of the City of Richmond, seeking $15,000,000 in damages for torts arising from the manner in which the Trust processed her Dalkon Shield Claim. The Trust removed the action to federal court. Kidd moved for the recusal of the district court judge and bankruptcy judge; the district court denied the motion. In a related bankruptcy action, the Trust moved for a show cause order against Kidd because Kidd's state action violated the Sixth Amended and Restated Plan of Reorganization of A.H. Robins Company, Incorporated (Plan). Section 8.04 of the Plan and the district court's order confirming the Plan permanently enjoin all persons

2

from commencing any action relating to a Dalkon Shield Claim against the Trust except in accordance with the Plan. The district court ordered Kidd to show cause why she should not be held in contempt for violating the injunction by filing suit in state court.

After a hearing, the district court entered an order in the first action directing Kidd to pay the Trust $2105 in attorneys' fees incurred in defending against the lawsuit. Additionally, the court dismissed that action with prejudice. In a second order entered in the bankruptcy case, the court found that Kidd was in violation of the permanent injunction and in contempt of court. The court also denied her motion to alter its earlier ruling denying the recusal motion. Punishment for Kidd's contempt was withheld for one year, provided that she pursued no further action against the Trust arising out of her Dalkon Shield Claim. Kidd now appeals both orders.

II

Kidd alleged that the district and bankruptcy judges should have recused themselves because: counsel for the Trust had delivered a pleading to the bankruptcy clerk by hand; the district judge had ruled against her in refusing to reinstate her disallowed claim; and other parties previously had sought to have the district judge removed from the Robins bankruptcy action. We review the denial of a recusal motion for abuse of discretion. See United States v. Mitchell, 886 F.2d 667, 671 (4th Cir. 1989). We agree that none of the grounds raised constitutes a valid basis for recusal.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455 (1994). Disqualification is mandatory if a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.§ 455(b)(1) (1994). Previous judicial rulings alone do not demonstrate bias. See Liteky v. United States, 510 U.S. 540, 554-56 (1994). The fact that, during the course of the Robins bankruptcy, others have unsuccessfully sought the recusal of the district judge does not constitute a ground for recusal. Finally, hand delivering a document to the Clerk of the Bankruptcy Court does not demonstrate an improper communication with the bankruptcy judge.

3

III

Under § 8.05(d) of the Plan and ¶ 45 of the order confirming the Plan, the district court retains jurisdiction to enter appropriate orders, including "contempt and other sanctions," in aid of the Plan and related documents. In the exercise of this jurisdiction, the district court properly dismissed Kidd's damages action and imposed a monetary sanction against her.

Kidd initially proceeded in accordance with the Plan and the Claims Resolution Facility. However, after the disallowance of her claim was upheld by the federal courts, she elected to file suit in state court. This constituted a clear violation of the Plan and the order confirming the Plan. The district court acted well within its discretion when it dismissed her unauthorized action and imposed monetary sanctions.

IV

Kidd violated the permanent injunction by suing in state court. The district court acted within its discretion when it found her in contempt of court and decided to withhold punishment for the contempt for one year provided Kidd filed no further lawsuits in connection with her claim.

V

We accordingly affirm the district court's orders. In light of our decision, we deny as moot the pending motion for stay of the order that Kidd pay the Trust attorneys' fees incurred in defense of this action. We dispense with oral argument because the facts and legal arguments are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED